Froessel, J.
Plaintiff, on February 5, 1955, issued a liability policy on the automobile of one Isaac Wood, the father of defendant herein, Glenn Wood. On February 20, 1955, while operating that automobile with the consent, but in the absence, of his father, defendant was involved in a collision, and his wife, a passenger in the vehicle at the time, was injured. The injured wife brought suit against the father, Isaac Wood, and the driver of the other automobile involved in the collision, and recovered damages in the sum of $500 against the father only. The defense of that action, on behalf of the elder Wood, was undertaken by plaintiff insurance company. It is conceded that the jury therein found that defendant had negligently operated his father’s vehicle, and the latter was held liable, by virtue of his ownership of the vehicle, under section 59 of the Vehicle and Traffic Law. Plaintiff insurance company paid the judgment awarded.
In this action, plaintiff, as subrogee of the father, Isaac Wood, sues defendant to recover the amount paid the latter’s wife in satisfaction of her judgment. Defendant for purposes of the present action denies that he was negligent. It is contended by plaintiff, however, that the finding in the first action as to the negligent operation of the vehicle by defendant is conclusive for the purposes of this action, that defendant is now estopped ‘ ‘ to *412 deny” its “binding effect”, and, in consequence, summary judgment on the subrogated claim involved herein should be had in its favor. According to plaintiff, defendant was vouched into the first action by virtue of certain alleged notices given him by it as to the pendency thereof •—- after plaintiff had unsuccessfully endeavored (against the will of the insured father) to implead defendant in said action.
The decisions of this court in Hartford Acc. & Ind. Co. v. First Nat. Bank (281 N. Y. 162) and American Sur. Co. of N. 7. v. Diamond (1 N Y 2d 594) are dispositive of this appeal. In the Hartford case we announced the rule that “ A named defendant who would have another (not yet a party) bound by judgment in an action must by proper notice offer to him control of the defense of the litigation.” (281 N. Y., at p. 168; emphasis supplied.) We held that the “ limit's ” or scope of the doctrine of vouching in, or conclusiveness of judgments, as thus set forth, should neither be enlarged nor extended.
Our decision in the American Surety case {supra) conclusively demonstrates that plaintiff herein is without the ambit of the doctrine. Neither the co-operation nor the subrogation clause of the policy, as we held, conferred the status and rights of a “ named defendant ” upon the insurer as to parties outside of the first action who might possibly be liable over to the insured. The status of the insurer at the time of the first action was merely that of a potential subrogee, whose rights as subrogee had not as yet matured and would not mature until such time as a judgment rendered against the insured was paid in full by it. Even apart from the provisions of the policy, the equity of subrogation does not arise until payment in full is made by the potential subrogee (McGrath v. Carnegie Trust Co., 221 N. Y. 92, 95; American Sur. Co. of N. Y. v. Palmer, 240 N. Y. 63, 66-67; American Sur. Co. of N. Y. v. Gerold, 255 App. Div. 285, 287). Plainly, if the process of impleader is reserved to the actual defendant in an action, and his insurer cannot share in that right, the same rule must apply to the common-law counterpart and antecedent of statutory impleader, namely, ‘' vouching in ”. Plaintiff cannot evade the force of our decision in the Americcm Sur. Co. of N. Y. v. Diamond case {supra) by resort to the doctrine of ‘ ‘ vouching in ” or conclusiveness of judgments.
*413 The eases upon which plaintiff relies in support of its position are indecisive and inapt. They are those which we stated in the Hartford case (281 N. Y. 162, 169, supra) demonstrate the “ Vexations inherent in the practice ” of vouching in, and provoke ‘ ‘ controversy as to the adequacy of notice and opportunity to defend ”. But, aside from this, in all of them the party seeking to avail himself of the doctrine was a true party defendant in the first action, who had full power and opportunity to offer control of the defense to the vouchee (see Oceanic Steam Nav. Co. v. Campania Transatlantica Espanola, 144 N. Y. 663; City of Rochester v. Montgomery, 72 N. Y. 65; Prescott v. Le Conte, 83 App. Div. 482, affd. 178 N. Y. 585; see, also, Village of Port Jervis v. First Nat. Bank of Port Jervis, 96 N. Y. 550). Neither does the case of Hinchey v. Sellers (7 N Y 2d 287) help plaintiff. There, not only did the parties against whom the defense of collateral estoppel was invoked have full opportunity to, and did in fact, litigate the issue of consent in the first action, but were also actual parties therein {id., at p. 294).
Finally, as (then) Presiding Justice Foster pointed out in the Appellate Division, the result, which plaintiff herein seeks, could have been accomplished by inserting in the co-operation clause of the policy the right to compel the institution of a third-party action against the driver of the automobile. That which it could easily have achieved by simple contract cannot be done by unwarranted extension of the vouching in doctrine, and in defiance of our holding in the American Sur. Co. of N. Y. v. Diamond case {supra).
In view of our determination, it is unnecessary to decide whether the notice and opportunity allegedly extended defendant to control the defense of the first litigation were adequate.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis and Burke concur; Judge Foster taking no part.
Order affirmed, etc.