Foster, J.
An automobile owned by Nat Boss was damaged in a collision with one owned by Tillie Moss and operated by her husband. The defendant insurance company had issued a policy insuring Boss’ car against collision and, when Boss and the company were unable to agree as to the amount of damages, a suit was instituted by Boss upon the policy. . After answering the complaint, the insurance company served a third-party complaint against Maurice and Tillie Moss, alleging that it was their negligence which caused the collision. Upon motion made pursuant to rule 106 of the former Buies of Civil Practice, the Special Term dismissed the third-party complaint, holding that the insurer had no right to prosecute the action in negligence before the payment of the insured’s claim.
The Appellate Division, Second Department, affirmed that dismissal. We granted permission to appeal in view of an apparently conflicting conclusion reached by the Appellate Division, First Department (Madison Ave. Props. Corp. v. Royal Ins. Co., 281 App. Div. 641).
The issue presented, therefore, is whether an insurer, upon being sued by its insured upon the policy, may implead in a negligence action the alleged tort-feasors. Its resolution rests upon' the nature of the subrogation right and the terms of the policy itself.
Section 193-a of the former Civil Practice Act (see CPLB 1007) permits a defendant to implead a person “ who is or may be liable to him for all or part of the plaintiff’s claim against him ”. The policy itself, however, provides that the insurer is *235 to be subrogated to its insured’s rights only “ in the event that any payment for any collision loss is made” to the insured. Appellant argues that, notwithstanding the fact that no such payment has been made in this case, an insurer may, on the theory that it may later be required to pay upon its policy, claim as a potential subrogee and implead those allegedly responsible to its insured for the loss suffered.
We must disagree with this contention, for the rationale of our decisions in American Sur. Co. v. Diamond (1 N Y 2d 594) and Glens Falls Ins. Co. v. Wood (8 N Y 2d 409) precludes such an interpretation. In both of the above-cited cases, although in neither was the insurer a 11 named defendant ’ ’, we reasoned that the insurers, not having made any payments under the policies involved, were not subrogated to the rights of their insureds, and, accordingly, had no standing to press cross complaints (American Sur. Co. v. Diamond, 1 N Y 2d 594, 598, supra; Glens Falls Ins. Co. v. Wood, 8 N Y 2d 409, 412, supra; see McGrath v. Carnegie Trust Co., 221 N. Y. 92; American Sur. Co. v. Palmer, 240 N. Y. 63). Since the insurer in this case has not made any payments under the policy, it has not acquired the right or color of a present cause of action. Therefore, because of the contingent nature of the right of subrogation, the attempt by the insurance company, as a third-party plaintiff, to prosecute its insured’s cause of action in negligence was premature.
The judgment appealed from should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Berks and Scileppi concur.
Judgment affirmed.