Sol Lenzner Corporation, Appellant, *v.* Ætna Casualty & Surety Company, Defendant-Respondent and Third-Party Plaintiff-Respondent. Ruth S. Korn, Third-Party Defendant-Respondent.

Fourth Department, February 20, 1964.

*Jaeckle, Fleischmann, Kelly, Swart & Augspurger (Joseph F. Shramek* of counsel), for appellant.

*Vaughan, Brown, Kelly, Turner & Symons* (*Mark N. Turner, Thomas E. Hagmeir* and *Frederick D. Turner* of counsel), for third-party plaintiff-respondent.

*Brownstein & Canale* (*Mark N. Turner* of counsel), for third-party defendant-respondent.

*Per Curiam.* Special Term denied plaintiff's motion to dismiss a third-party complaint served by defendant and plaintiff appeals. In the basic complaint recovery is sought for the monetary limit stated in a policy issued to plaintiff by defendant. Therein the insurer, among other things, agreed to indemnify plaintiff for any loss sustained through any fraudulent or dishonest act of any employee of plaintiff. It is alleged in the complaint that a named employee by means of fraudulent and dishonest acts "deprived" plaintiff of a sum in excess of $40,000.

Defendant in its answer set forth a third-party complaint against the named employee, who has appeared, answered and denied the material allegations of the third-party complaint. The latter pleading contained the familiar allegation seeking judgment over against third-party defendant in the event plaintiff recovered upon the basic complaint. Plaintiff moved, as was its right (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 1010.04), to dismiss the third-party complaint.

We are met at the threshold of the appeal by plaintiff's contention that the recent decision in *Ross* v. *Pawtucket Mut. Ins. Co.* (13 N Y 2d 233) conclusively determines that the third-party complaint must be dismissed. We do not agree. In *Ross* (*supra*), plaintiff carried collision insurance on his automobile. Following damage thereto, as the result of a collision with the vehicle of a third party, plaintiff sued his insurance carrier under the terms of the collision policy. The latter served a third-party complaint upon the owner and driver of the other vehicle alleging that it was their negligence that caused the collision. The issue was posed precisely by the court in the following language (p. 234): "The issue presented, therefore, is whether an insurer, upon being sued by its insured upon the policy, may implead in a negligence action the alleged tortfeasors. Its resolution rests upon the nature of the subrogation right and the terms of the policy itself." The court went on to point out that the policy provided for subrogation rights only "in the event that any payment for any collision loss is made." The court concluded that in the light of this policy provision and its earlier decisions (*American Sur. Co.* v. *Diamond,* 1 N Y 2d 594; *Glens Falls Ins. Co.* v. *Wood,* 8 N Y 2d 409), where

similar policy provisions had been considered, the third-party complaint was legally insufficient and should be dismissed.

The allegations in the pleadings before us make the issues herein distinguishable from those presented in the *Ross* case. Here there are no troublesome claims among tort-feasors in the field of negligence. Section 193-a of the Civil Practice Act permitted the assertion of a third-party claim when, among other things, the third-party defendant " is or may be liable " to the third-party plaintiff for all or part of plaintiff's claim against the third-party plaintiff but it was required that such claim " be related to the main action by a question of law or fact common to both controversies."

Section 1007 of the Civil Practice Law and Rules retains only the requirement that the third-party defendant " is or may be liable " to the third-party plaintiff for all or part of plaintiff's claim. The former provision requiring a common question of law or fact was designedly omitted. The Advisory Committee wrote that " Were the sentence literally applied it would prevent the impleader of contract indemnitors since in such cases the only question is one of liability under the contract of indemnification and this is not really a question of fact common to the main controversy." (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 1007.06.)

In the case before us we find none of the " [v]exations inherent in the practice " (*Hartford Acc. & Ind. Co.* v. *First Nat. Bank,* 281 N. Y. 162, 169) that have troubled courts in other areas where the doctrines of *res judicata* or collateral estoppel lurked on the periphery of the controversy. Here we have two comparatively simple actions that fall precisely within the objective of third-party practice to prevent multiplicity and circuity of actions. Not only does the third-party pleading comply with the provisions of section 1007 of the Civil Practice Law and Rules but rule 3014 authorizes statement of a cause of action alternatively or hypothetically. (Cf. 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 3014.12.)

While we find the third-party complaint to be legally sufficient we conclude that a separate trial should be ordered of the third-party claim. Such action is authorized by rule 1010 of the Civil Practice Law and Rules in the exercise of discretion upon a finding that the third-party controversy will prejudice the substantial rights of any party. It appears that the third-party defendant is an elderly lady who had been in the employ of plaintiff for many years. It requires no elaboration to envision a posture of the case at the close of the evidence upon the joint trial of the basic and third-party actions where a jury under

the instructions of the trial court might be faced with a difficult decision that conceivably might result in prejudice to the rights of plaintiff.

The order should be modified in the exercise of discretion to direct a separate trial of the third-party cause of action and, as so modified, affirmed, without costs.

WILLIAMS, P. J., BASTOW, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Order unanimously modified in the exercise of discretion to the extent of severing the third-party cause of action, directing a separate trial thereof, and as so modified, affirmed, without costs of this appeal to any party.