50 New Walden, Inc., et al., Plaintiffs, *v.* Federal Insurance Co. et al., Appellants, and Cartwright & Morrison, Inc., et al., Respondents.

50 New Walden, Inc., et al., Plaintiffs, *v.* Federal Insurance Co. et al., Appellants, and Cassiol Construction Company, Inc., Respondent.

50 New Walden, Inc., et al., Plaintiffs, *v.* Federal Insurance Co. et al., Appellants, and Milton Milstein, Respondent.

Fourth Department, October 22, 1964.

*Hodgson, Russ, Andrews, Woods & Goodyear (Hugh McM. Russ, Jr.,* of counsel), for Federal Insurance Co. and others, appellants.

*Adams, Brown, Starrett & Maloney (Howard H. Starrett* of counsel), for Cartwright & Morrison, Inc. and another, respondents.

*Miles, Cochrane, Grosse, Rossetti & Lord (Stephen R. Cochrane* of counsel), for Cassiol Construction, respondent.

*Vaughan, Brown, Kelly, Turner & Symons (William D. Hassett* of counsel), for Milton Milstein, respondent.

*Per Curiam.* These are appeals by the insurance company defendants from three separate orders dismissing cross claims alleged in an amended answer. The plaintiffs, by their amended complaint, allege that on February 19, 1960, they were the owners and occupants of premises known as 1550 Walden Avenue, Town of Cheektowaga, Erie County. It is also alleged

that on that date damage was caused to the building by windstorm. The insurance company defendants had issued various policies to the plaintiffs, which were in effect on the date of the claimed loss, insuring against loss for direct damage by windstorm and loss resulting from business interruption caused by wind damage. The plaintiffs seek damages under these policies from the insurance company defendants. These defendants deny the damage was caused to the plaintiffs' building by windstorm. The plaintiffs also, in the "Sixth" and "Seventh" causes of action in the amended complaint, seek damages from the architect and general contractor for breach of contract based on alleged negligent performance. In the "Eighth" cause of action, damages for negligence are sought from the designers and fabricators of the roof of the building selected by the general contractor. The insurance company defendants in the amended answer have cross-claimed against these defendants in separate cross claims seeking reimbursement if judgment is rendered against them " if it is found also, as a result of said judgment, the said occurrence was caused or contributed to by the negligence and fault of defendant ".

As in *Lenzner Corp.* v. *Ætna Cas. & Sur. Co.* (20 A D 2d 305) we are again confronted with the contention of the moving defendants that the decision in *Ross* v. *Pawtucket Mut. Ins. Co.* (13 N Y 2d 233) is dispositive of this appeal, thus requiring the dismissal of the claims over, and Special Term has so found. Again we disagree. In *Ross* (*supra*) plaintiff sued his collision insurance carrier to recover damage to his automobile. The driver and owner of another vehicle were served with a third-party complaint by the collision carrier. It was alleged that it was the negligence of these third-party defendants that caused the collision. The narrow issue was whether an insurer upon being sued on its policy may implead in a negligence action the alleged tort-feasors. The court concluded that because of the contingent nature of the right of subrogation as fixed by the terms of the policy, the attempt by the carrier, as a third-party plaintiff, to prosecute its insured's cause of action in negligence was premature.

The causes of action alleged in the pleadings in this case make the issues presented distinguishable from those in *Ross*. Here, the plaintiffs sue the moving defendants, and the cross claims in no sense seek to prosecute any claim belonging to the insureds which is not already being asserted and prosecuted; nor do the plaintiffs oppose or object to the assertion of the claims over. This case in our view presents a classic situation

for the application of the liberal and expanding practice in claims over between or among litigants to avoid multiplicity and circuity of actions. CPLR 3019 (subd. [b]) specifically provides that a cross claim may be asserted against one who "is or may be liable to the cross-claimant". It is said that this section does make clear: "that it is proper to allege as a cross-claim a cause of action whose existence depends on the outcome of the main action." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.13), and, also: "The reason for an express statement such as subdivision (b)'s last sentence is to assure the availability of an indemnity cross-claim as against a contention that the claim is premature. Such contention would be that, as an indemnity cause of action, it does not accrue until the person to be indemnified has actually lost something (i.e., paid out something) for which indemnity is required. * * * Subdivision (b)'s last sentence immunizes an indemnity cross-claim from such an argument." (Siegel, Practice Commentary, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3019, 1964 Pocket Part, p. 68.)

Thus, we conclude that the claims over do state causes of action and the orders dismissing them should be reversed.

WILLIAMS, P. J., BASTOW, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Orders unanimously reversed, without costs of this appeal to any party and motions denied, without costs.