BUNGE CORPORATION, Plaintiff,

v.

The LONDON AND OVERSEAS INSURANCE COMPANY, Limited et al., Defendants and Third-Party Plaintiffs,

v.

Brooks BANKER, as Treasurer of American Express Company, Third-Party Defendant.

No. 64 Civ. 3440.

United States District Court
S. D. New York.

May 7, 1965.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, Attorneys for Bunge (Plaintiff).

Symmers, Fish & Warner, New York City, Attorneys for Defendants and Third-Party Plaintiffs.

Winthrop, Stimson, Putnam & Roberts, New York City, Attorneys for Third-Party Defendant.

RYAN, District Judge.

AMEXCO moves to dismiss the third party complaint served on it by defendant insurers on the ground that it fails to state a claim and that in any event the Court in its discretion should dismiss it.

The principal reason advanced for dismissal is that under New York law such impleader is not permissible and that in a diversity suit, Rule 14(a) of the Federal Rules may not serve to enlarge the parties' rights. It is also urged that the Court should defer to New York policy in its application of Rule 14(a).

Defendants have been sued by plaintiff under several insurance policies to recover the value of oil. Defendants admit the execution of the policies, but defend on various grounds not pertinent here, and have pleaded over against AMEXCO on the ground that when and if plaintiff recovers against them, defendants will have been subrogated to plaintiff's rights against AMEXCO and entitled to judgment for all sums for which may be adjudged liable to plaintiff.

AMEXCO cites Ross v. Pawtucket Mut. Ins. Co., 13 N.Y.2d 233, 246 N.Y.S. 2d 213, 195 N.E.2d 892; Glens Falls v. Wood, 8 N.Y.2d 409, 208 N.Y.S.2d 978, 171 N.E.2d 321; and American Surety Co. v. Diamond, 1 N.Y.2d 594, 154 N.Y.S.2d 918, 136 N.E.2d 876, as establishing the law of New York that an insurer does not become subrogated to his insured's rights until it has paid the loss of the insured and that, until that time, it has no rights against a third person. This being so, it reasons, Rule 14(a) may not operate to grant to defendant greater rights than it would have in the state court (Bernhardt v. Polygraphic Co. of America, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199).

We need not decide the controversial question of whether in a diversity suit Rule 14 may be invoked by a party in

the federal court when, if in the State Court, it might not have invoked Sec. 1007 of the NYCPLR, because we find that Sec. 1007 would be available to defendant if the suit had been brought in the state court.

Neither *"Diamond"* nor *"Glens Falls"*, supra, is really in point, for in neither was the third party plaintiff a named defendant, but rather the insurer who was defending its insured the named defendant tort feasor; in addition, the first case involved the interpretation of the cooperation clause and its effect on the validity of the policy, while the second dealt with the effect of a vouching in, where impleader sought by the insurer against the wishes of the named defendant had been denied.

We turn to *"Ross"* and its subsequent interpretations by the Fourth Department Appellate Division and the New York Supreme Court (First Department).

In *"Ross"*, the Court held that the resolution of the question whether the insurer as the named defendant in a suit brought by its insured could implead the alleged tort feasor rested "upon the nature of the subrogation right and the terms of the policy itself." (19 N.Y. 2d P. 234, 246 N.Y.S.2d p. 214). Because the policy provided that the insurer was to be subrogated to its insured's rights only "in the event that any payment for collision loss is made", the Court held that it had no present right to assert the third party claim and that its attempt to prosecute its insured's claim was premature; and accordingly dismissed the third party complaint. That was in 1963. In 1964, in Lenzer v. Aetna Casualty Co., 246 N.Y.S.2d 950, the Appellate Division of the Fourth Department permitted the assertion of a similar third party claim by the insurer prior to judgment distinguishing *"Ross"* on two grounds: (1) that the terms of the policy in *"Ross"* fixed the right of the defendant to prosecute its insured's cause of action; and (2) that the impleader in *Lenzer* was not between tort feasors, and that the case fell

precisely within the objective of third party practice to prevent multiplicity and circuity of action. Later in 50 New Walden Inc. v. Federal Ins. Co., 253 N.Y.S.2d 383, the same Court in permitting the assertion of a separate cross-claim by the insurer against the alleged tort feasors (under Sec. 3019(b) CPLR) distinguished ROSS because of the language of its policy and further on the ground that in the case before it (*New Walden*) the cross-claim defendants were already in the main action as defendants. As in *Lenzer,* it found that the case presented "a classic situation for the application of the liberal and expanding practice in claims over between or among litigants to avoid multiplicity and circuity of actions", and further quoted from one of the commentators that the language of the Rule "is or may be liable to the cross-claimant" immunizes an indemnity cross-claim from the argument that the subrogation claim is premature. (385)

Finally, in January, 1965, Judge Streit, quoting from *Ross* that its decision rested "upon the nature of the subrogation right and the terms of the policy itself", dismissed the third party claim of the defendant insurer because the contract in suit contained an express provision that the insurer "may require from the insured an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this company." This language, he found, had the same effect as that in Ross, of postponing the right of subrogation. Sherman v. Home Insurance Co., N.Y.L.J. 5, p. 16, Col. 5, 1/29/65

The decision in *"Ross"* is limited by its own language to the terms of the policy itself and has been so interpreted by the Courts of New York who are bound to follow it.

There is no language in the policies in suit conditioning the subrogation rights of the insured upon payment. As in *"Lenzer"*, this is not impleader between tort feasors (Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178).

This is a simple claim which falls within the policy and objective of the New York Courts to avoid multiplicity of suits. Rule 14(a) was designed to accomplish this same purpose in the precise situation at hand (St. Paul Fire & Marine Ins. Co. v. United States Lines Co., 2 Cir., 258 F.2d 374).

Motion denied.

So ordered.