BUNGE CORPORATION, Plaintiff-Appellant,

v.

The LONDON AND OVERSEAS INSURANCE CO. et al., Defendants-Appellees.

The LONDON AND OVERSEAS INSURANCE CO. et al., Third-Party Plaintiffs-Appellants,

v.

Brooks BANKER, as Treasurer of American Express Company, Third-Party Defendant-Appellee.

No. 354, Docket 32015.

United States Court of Appeals Second Circuit.

Argued March 19, 1968.

Decided May 6, 1968.

See also D.C., 267 F.Supp. 406.

---

Philip C. Scott, New York City (Marc J. Luxemburg, Robert J. Paulus, and Dewey, Ballantine, Bushby, Palmer & Wood, New York City, on the brief), for Plaintiff-Appellant.

William Warner, New York City (William Garth Symmers, Frederick Fish, and Symmers, Fish & Warner, New York City, on the brief), for Defendants-Appellees and Third-Party Plaintiffs-Appellants.

Peter H. Kaminer, New York City (Edwin J. Wesely, George I. Gordon, and Winthrop, Stimson, Putnam & Roberts, New York City, on the brief), for Third-Party Defendant-Appellee.

Before FRIENDLY and HAYS, Circuit Judges, and CLARIE, District Judge.[*]

HAYS, Circuit Judge:

Bunge Corporation was one of the holders of warehouse receipts on vegetable oil stored in the tanks of a warehousing subsidiary of the American Express Company. In late 1963 it was discovered that a massive fraud[1] had been perpetrated by one Tino De Angelis, president of a vegetable oil concern, and that there was little or no oil in the tanks. Bunge brought suit on a contract of insurance against the issuing underwriters (hereinafter referred to collectively as "Lloyd's") to recover its losses. Jurisdiction is based

---

[*] Of the District Court for the District of Connecticut, sitting by designation.

[1] Popularly known as the "salad oil swindle."

on diversity of citizenship. Lloyd's denied liability under the contract but served a third-party complaint on the American Express Company. Thereafter, Bunge entered into a settlement with American Express and gave it a general release.

American Express then moved for summary judgment dismissing the third-party complaint. The court below granted the motion on the ground that the release given American Express by Bunge was binding on Lloyd's. However, in response to an oral motion by counsel for Lloyd's, the court also granted summary judgment dismissing the complaint in the main action, the action of Bunge against Lloyd's. The court ruled that Bunge's release of American Express had the effect of relieving Lloyd's of any obligation to Bunge under the insurance contract. We affirm as to dismissal of the third-party complaint, but reverse as to dismissal of Bunge's action against Lloyd's.

### I.

█ An insurer who has not paid its insured's claim has no right in claims which the insured has against third parties. See, e. g., Meredith v. The Ionian Trader, 279 F.2d 471, 474 (2d Cir., 1960); Glens Falls Ins. Co. v. Wood, 8 N.Y.2d 409, 412, 208 N.Y.S.2d 978, 979–980, 171 N.E.2d 321, (1960); American Surety Co. v. Palmer, 240 N.Y. 63, 67, 147 N.E. 359 (1925).

█ Since Bunge has executed a release, its rights against American Express are extinguished; thus, even if Lloyd's were now to pay Bunge in full, it would succeed to no rights against American Express.

It follows that the third-party complaint was properly dismissed.

Lloyds' contention that our decision in St. Paul Fire & Marine Ins. Co. v. United States Lines Co., 258 F.2d 374 (2d Cir. 1958), cert. denied, 359 U.S. 910, 79 S.Ct. 587, 3 L.Ed.2d 574 (1959), requires a contrary result is without merit. The court there found that the purposes of Rule 14(a) of the Federal Rules of Civil Procedure—avoidance of a multiplicity of suits and inconsistent adjudications—would be furthered by interpreting the Rule to permit an insurance company which had not made payment to implead a third party. The court did not purport to change the law of subrogation as to the rights of non-paying insurers against such third parties.

### II.

█ It is well settled that, at least after a denial of liability by an insurer, the insured may enter into a settlement with a third party without prejudicing its rights against the insurer. See, e. g., Vanguard Ins. Co. v. Polchlopek, 18 N.Y.2d 376, 382, 275 N.Y.S.2d 515, 520, 222 N.E.2d 383 (1966); Cardinal v. State, 304 N.Y. 400, 410–411, 107 N.E.2d 569 (1952), cert. denied as not timely applied for, 345 U.S. 918, 73 S.Ct. 729, 97 L.Ed. 1351 (1953); In re People ex rel. Emmet (Empire State Surety Co.), 214 N.Y. 553, 563–564, 108 N.E. 825 (1915).

To require that the insured first fully litigate its dispute with the insurer before pursuing the third party would be manifestly unfair. The possibility of prompt reimbursement would be lost. Moreover, because of the financial condition of the third party or the size of other claims pending against it, it might be essential that redress against the third party be promptly pursued lest nothing remain to satisfy insured's claim. On the other hand, the self-interest on the insured affords considerable protection to the insurer under the present rule. Recognizing the possibility that his suit against the insurance company may fail, the insured will attempt to recoup as much of his losses as possible from the third party. If the insurer is ultimately held liable, the amount so recovered will inure to its benefit.

Of course, it remains open to Lloyd's to challenge the settlement on the ground that it was entered into in bad faith; certainly an insured cannot claim as

losses such amounts as it could have recouped in a good faith settlement.

The judgment is reversed as to dismissal of Bunge's complaint against Lloyd's and affirmed as to dismissal of the third-party complaint.