OPINION OF THE COURT
Aaron E. Klein, J.
One of the third-party defendants, Martin Treistman, (Treistman) moves this court for an order pursuant to the CPLR 3212 granting summary judgment against the defendants and third-party plaintiffs, American Motorists Insurance Company and Kemper Insurance Company (Insurers) alleging three grounds in support thereof. As it will appear from the decision which follows, the outcome of this motion will and must turn upon only one of the grounds, the affirmative defense of the Statute of Limitations.
The facts are significant though not particularly complex. Treistman was the executive vice-president of Blue Tours International, Inc. (Blue Tours) from January through August, 1971. It is alleged that the plaintiff, Seven Sixty Travel, Inc. (Travel) contacted Blue Tours during the period to arrange for a tour of the Soviet Union by a group from St. Rose College. Travel in November of 1971 purchased an "errors and omissions” policy of insurance from the Insurers.
It is further alleged that payments amounting to $15,000 were forwarded by Travel to Blue Tours for the purpose of arranging accommodations and transportation, however, same were not made. Travel, when the group became stranded in Europe, advanced money to complete the tour and later brought suit against the Insurers in the main action under the policy. The answer in the main action is dated December 20, 1972.
In April of 1978 the third-party action was commenced against the movant. He apparently answered sometime thereafter, and now seeks judgment contending the Statute of Limitations bars a recovery on behalf of the Insurers even if assuming, arguendo, for the purpose of this motion that the third-party defendants defrauded, and/or embezzeled the *511 funds forwarded to them. Treistman’s argument is in effect that the Insurers’ action is derivative in nature and, therefore, is subject to the same Statute of Limitations as Travel if it had asserted its claim directly against Treistman and the other third-party defendants.
In opposition the Insurers first argue that Treistman has improperly brought this motion, having raised it in the answer rather than moving pursuant to CPLR 3211 (subd [a], par 5). This argument is without merit. Although the usual summary judgment motion is based on the over-all merits of the case, and not an individual defense such as the Statute of Limitations, nevertheless, it may serve as the proper basis for the motion "at any time 'after issue has been joined’. (CPLR 3212, subd [a].)” (Weiner v Miller, 56 AD2d 819; see, also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3212:20, p 439.)
Next, the Insurers urge that the third-party action is one for indemnification governed by the six-year Statute of Limitations under CPLR 213 (subd 2). Of course, if this court were to find that the third-party action was in fact one for indemnification, the Statute of Limitations would run not from the commission of the tort, but rather from the time the judgment, if recovered by the plaintiff, is paid where, as here contended, the indemnification action is premised upon a quasi contractual obligation implied in law (cf. 28 NY Jur, Indemnity, § 33, generally; Hansen v City of New York, 43 Misc 2d 1048, 1049).
Necessarily, this court must first discern the nature of the third-party action before a decision can be rendered as to the Statute of Limitations. The right of implied indemnification arises when a person "has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other” (Restatement, Restitution, § 76, p 331; see, also, Brown v Rosenbaum, 287 NY 510, 518). This clearly is not the situation before this court since the Insurer is a contractual indemnitor with respect to its insured, Travel, and enjoys no such relationship with the third-party defendants.
Perhaps, the best way in which to distinguish the nature of the claim made by the Insurers presently is to take an illustrative example of indemnification, and contrast it with the situation at bar. In Macari v Parsons Hosp. (26 AD2d 584) the court permitted the amendment of an answer to include a *512 cross claim by the defendant, hospital, to allege a cause of action for common-law indemnity against the defendant, physicians, as its servants holding that if plaintiff recovers damages based on negligence against the hospital, it would be entitled to indemnification by the physicians. The underlying theory, in this court’s view, was that where the master is held liable vicariously for the tort of its servant and pays the judgment, the latter has received a benefit unjustly, and accordingly, the law implies a contract whereby the wrongdoer becomes liable for the damage he has caused (cf. 28 NY Jur, Indemnity, § 11). Thus a like duty was owed to the plaintiff by each of the defendants. This must be contrasted with the case before this court where the relationship between the plaintiff, Travel and the defendant, Insurers is one of contract. The action against the third-party defendants is one of subrogation. The Insurers, pleading in the hypothetical, seek to be substituted in place of their insured to assert its rights against the wrongdoers which have caused the loss for which the Insurers are called upon to pay pursuant to the terms of the insurance contract. (Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., 240 NY 37, 47; Hamilton Fire Ins. Co. v Greger, 246 NY 162, 164.) In short the insurers are merely substituted for their insured and succeed to. its rights (Travelers Ins. Co. v Brass Goods Mfg. Co., 239 NY 273, 276, citing Leavitt v Canadian Paciñc Ry. Co., 90 Me 153). The situation at bar is unmistakedly analogous to that of the insurance carrier which pursuant to the terms of a collision policy pays its insured’s damages and then standing in his shoes is subrogated to his cause of action in negligence against the third party who is the wrongdoer. (This example is premised on the insurance policy not having a restriction to the contrary, [cf. Ross v Pawtucket Mut. Ins. Co., 13 NY2d 233; to be read in conjunction with Siegel, A Biannual survey of New York Practice, 38 St Johns L Rev 406].)
The question now becomes, when does the Statute of Limitations begin to run on an insurer’s cause of action in subrogation? It has been said, "[although a subrogee might be subject, in other situations, to the same defenses as could be asserted against the person for whom he is substituted, this does not appear true of the defense that the statute of limitations has run.” (57 NY Jur, Subrogation, § 29, p 80, citing Bennett v Cook, 45 NY 268; Ely v Stone, 173 Misc 117; [footnotes omitted].) With the foregoing proposition, this court cannot *513 agree. First, in Federal Ins. Co. v United Port Serv. Co. (23 Misc 2d 142 affd 12 AD2d 905), plaintiffs sued as insurers subrogated to the rights of their insured. The defendant moved to dismiss the actions as barred by the three-year Statute of Limitations applicable to actions sounding in negligence since it was alleged that property in possession of the defendant, as bailee, was damaged more than three but less than six years after the incident. The court dismissed the actions as time barred. Implict in that holding is that the Statute of Limitations to be applied to a subrogation claim by an insurer is the same one which would be applied if the insured had brought the action directly. In an action based on subrogation, the subrogee is substituted for the subrogor pro tanto.
Secondly, the principal authority relied on in New York Jurisprudence, viz., Bennett v Cook (supra), dealt with the rights of an indorser of a note to the collateral and not an insurance carrier suing as subrogee. This court is of the opinion that Bennett (supra) can be so limited especially in view of the current ability to implead in the hypothetical (cf. CPLR 1007; Krause v American Guar. & Liab. Ins. Co., 22 NY2d 147; Lenzner Corp. v Aetna Cas. & Sur. Co., 20 AD2d 305).
Furthermore, other jurisdictions that have decided the issue hold uniformly that, ."Since the insurer’s claim by subrogation is derivative from that of the insured, it is subject to the same statute of limitations as though the cause of action were sued upon by the insured. Consequently, the insurer’s action is barred if it sues after expiration of the period allowed for suing out of tort claims.” (16 Couch, Insurance 2d, § 61:230 [citing Employers Mut. Liab. Ins. Co. v Brown Wood Preserving Co., 298 Ky 194; Insurance Co. of North Amer. v Carnahan, 446 Pa 48; Ark-Homa Foods v Ward, 251 Ark 662; American States Ins. Co. v Williams, 151 Ind App 99; Liberty Mut. Ins. Co. v Fales, 8 Cal 3d 712; Underwriters at Lloyds under Policy No. LHO 10497 v Peerless Stor. Co., 404 F Supp 492; May Trucking Co. v International Harvester Co., 97 Idaho 319; Aetna Cas. & Sur. Co. v Windsor, 353 A 2d 684 [DC App]; Phoenix of Hartford Ins. Cos. v Colony Kitchens, 57 Cal App 3d 140; emphasis supplied.)
Upon a review of the above-cited cases, the one which most closely resembles the facts before this court is Aetna Cas. & Sur. Co. v Windsor (supra). The District of Columbia Court of *514 Appeals held that the insurer stood in the shoes of the insured taking no rights other than those the insured had, and was accordingly subject to all the defenses the defendant could have asserted against the insured, including the Statute of Limitations. The trial court in Windsor dismissed the action by the insurer which had made payment under a commercial fidelity policy for losses sustained as a result of an employee’s theft where the insurer’s action was filed more than three years after the date the employee was dismissed after his arrest since the applicable Statute of Limitations was three years. That court relied heavily on Williams v Globe Ind. Co. (507 F2d 837, cert den 421 US 948), wherein the court held, "Since the insurer’s claim by subrogation is derivative from that of the insured, it is subject to the same statute of limitations as though the cause of action were sued upon by the insured. ” (507 F2d, at p 839 [citations omitted, and emphasis supplied].)
It must be pointed out that in Windsor (supra), the insurance carrier made the identical argument as here, that its action was one of indemnity. There, as here, the insurer was a contractual indemnitor of its insured "but had no such indemnity relationship” (Windsor, supra, p 686) with the wrongdoer.
Where, as here, the Statute of Limitations (CPLR 213, subd 2)- has long since expired as to Travel’s action against the third-party defendants, it has also run against its insurer’s claim in subrogation.
Even though the affirmative defense of laches has not been asserted, it would appear to this court that its viability under the circumstances herein is axiomatic (cf. 57 NY Jur, Subrogation, § 29). Yet, still one more additional issue must be mentioned as a cogent argument could be posed that the impleader by the Insurers based on its subrogation action is premature. This argument would presumably rely on the absence of payment on the part of the insurers which is an essential prerequisite to a party’s subrogation claim (American Sur. Co. of N. Y. v Palmer, 240 NY 63, 67) and is lacking at this time. This impleader merely serves as another example of pleading in the hypothetical and alternative which is authorized and encouraged by the CPLR where no substantial right of any party will be prejudiced. (Lenzner Corp. v Aetna Cas. & Sur. Co., 20 AD2d 305, 307, supra.) Moreover, the facts in Lenzner (supra), are distinctly similar to those before the court. Lenzner sued the defendant, insurance carrier, who had *515 agreed to indemnify it for any loss sustained through a fraudulent or dishonest act of an employee of it. Aetna in its answer set forth a third-party complaint against the named employee seeking judgment against the employee in the event Lenzner recovered in the main action. Upon plaintiffs motion to dismiss the third-party complaint, the court concluded that CPLR 1007 requires simply that the third-party defendant "is or may be liable” to the third-party plaintiff in order to be legally sufficient. However, for apparent reasons, the court ordered a separate trial. By permitting the third-party action now, the court is encouraging the salutory objectives of impleader such as the avoidance of multiple actions and the speedy and inexpensive resolution of every civil judicial proceeding (cf. CPLR 104, 2 Weinstein-Korn-Miller, NY Civ Prac, par 1007.01).
In conclusion, this court holds that the Insurers are subject to all defenses which the third-party defendants could have asserted against the plaintiff, including the Statute of Limitations.
Accordingly, Treistman’s motion for summary judgment is granted (CPLR 213, subd 2).