*911 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We agree with the Appellate Division that whether the default judgment in the underlying action against the Catons, the present plaintiffs, was reasonable in amount requires proof in the present action for common-law indemnity of the injuries and damages suffered by the Smarts, the plaintiffs in the underlying action. We add only that neither the presumption of regularity of the default judgment nor CPLR 4515 is sufficient to establish in this action that the judgment awarded in the underlying action reasonably evaluated the injuries and damages suffered by the Smarts.
The presumption of regularity is sufficient to sustain the judgment in the underlying action against the present plaintiffs who defaulted, but not against the present indemnity defendant who was never “vouched in” to that action (see, Glens Falls Ins. Co. v Wood, 8 NY2d 409). And although CPLR 4515 permits an expert witness to state an opinion without specifying the data upon which it is based, it does not avoid the necessity for presentation of such data. Its purpose is, rather, to make the expert’s presentation more readily understandable by permitting the opinion to be stated on direct, and leaving the development of the data on which it is based for cross-examination (Richardson, Evidence § 370 [Prince 10th ed]). It does not, however, change the basic principle that an expert’s opinion not based on facts is worthless (Cooke v Bernstein, 45 AD2d 497,500; see, Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410). To permit plaintiffs to present an opinion as to which they are precluded from presenting the factual basis would be to allow them to circumvent the preclusion order by doing indirectly what they have been foreclosed from doing directly.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.