■ PHILIP MORRIS COMPANIES, INC., Respondent, v FEDERAL INSURANCE COMPANY et al., Appellants. FEDERAL INSURANCE COMPANY, Third-Party Plaintiff-Appellant, v MICHAEL HEINRICH et al., Third-Party Defendants-Respondents. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Third-Party Plaintiff-Appellant, v MICHAEL HEINRICH et al., Third-Party Defendants-Respondents. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Third-Party Plaintiff-Appellant, v AME, INC., et al., Third-Party Defendants-Respondents. [664 NYS2d 45] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 14, 1997, which, *inter alia*, granted the motion of plaintiff Philip Morris Companies, Inc., to dismiss defendants' third-party actions, unanimously affirmed, with costs.

There is no basis to disturb the IAS Court's exercise of discretion in dismissing the third-party actions as premature (CPLR 1010; *cf.*, *Consolidated Edison Co. v Royal Indem. Co.*, 41 AD2d 37, 40). The subject insurance policy contained a covenant by the insurers restricting their right to subrogation until after payment on the policy and plaintiff asserted its rights thereunder. Inasmuch as defendants have failed to demonstrate any real prejudice, they should not be permitted to assert their right of subrogation over and against the alleged tortfeasor, prior to payment, entangling the insured in collateral litigation (*see also*, *Ross v Pawtucket Mut. Ins. Co.*, 13 NY2d 233). We have considered defendants' remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Williams, Tom and Mazzarelli, JJ.