Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd. (2019 NY Slip Op 05328)





Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd.


2019 NY Slip Op 05328


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9788 650085/17 653920/16

[*1]Lantau Holdings Ltd., Plaintiff,
v
Orient Equal International Group Limited, et al., Defendants.
Lantau Holdings Ltd., Plaintiff-Respondent-Appellant,
v
General Pacific Group Ltd., Defendant-Appellant-Respondent, SVK Capital Management Ltd., et al., Defendants.


Friedman Kaplan Seiler & Adelman LLP, New York (Andrew W. Goldwater of counsel), for appellant-respondent.
CKR Law, LLP, New York (Michael James Maloney of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered April 1, 2019, and bringing up for review an order, same court and Justice, entered February 11, 2019, as amended by order, same court and Justice, entered February 14, 2019, which, inter alia, following a bench trial, required defendant General Pacific Group (GPG) to turn over certain securities and cash to Lantau Holdings Ltd. (Lantau), and denied GPG's claim for some $1.6 million it allegedly paid a third party in connection with the transactions, unanimously reversed, on the law and the facts, without costs, the judgment vacated, the requirement that GPG turn over to Lantau the remaining restricted shares of REX Global Entertainment Holding Ltd. (REX) in its accounts and pay Lantau the proceeds of the shares already sold stricken, the amount on the indemnification claim for legal fees owed by GPG to third party SVK Capital Management Ltd. (SVK) modified to limit it to the amount paid and dismiss the remainder of the legal fee claim without prejudice as premature, GPG's claim for lost profits for breach of the stock purchase agreements (SPA), reinstated, and the matter remanded for a determination by the trial court as to the amount of those lost profits.
Defendant cannot be required to return REX shares and proceeds of shares as part of "terminating" the parties' contracts, where this Court previously dismissed all of plaintiff's equitable claims (Lantau Holdings Ltd. v General Pac Group Ltd., 163 AD3d 407, 409 [1st Dept 2018]), including its claims for rescission and unjust enrichment (see Brodsky v New York City Campaign Fin. Bd., 107 AD3d 544, 545 [1st Dept 2013]).
The court correctly concluded that defendant did not affirm the contracts after discovering plaintiff's breach. Defendant's attempt to sell the non-conforming shares was not required by the contracts, but was an act in mitigation of its damages
(see Landmark Land Co. v Federal Deposit Ins. Corp., 256 F3d 1365, 1376-1377 [Fed Cir 2001] [non-required acts, even if beneficial to the transaction, are not "performance" under a contract]).
Moreover, GPG was entitled to recover for lost profits for breach of the stock purchase agreements. Defendant's damages expert used market prices, arm's length sale prices and other objective data to determine the values for his estimate. Overall, his methodology produced a reasonably certain estimate of the loss caused by the breaches (see O'Neill v Warburg, Pincus & Co., 39 AD3d 281, 282—283 [1st Dept 2007]).
The court correctly concluded that GPG failed to establish that it was ever out of pocket for certain monies advanced by nonparty Harsh Padia. Defendant had several transactions with Padia, and its documentary proof, mainly bank statements, did not identify the purpose of various payments. Nor did GPG ever compile an accounting of the payments to and from Padia. Thus, the fact that GPG had made certain payments could not be linked to the amounts claimed.
The damage award under the indemnification provision for legal fees owed to SVK that GPG had not yet paid is dismissed without prejudice, as premature (see 50 New Walden v Fed. Ins. Co., 22 AD2d 4, 6 [4th Dept 1964]).
Finally, the court correctly found that Lantau failed to show it was underpaid for the Rongsheng transaction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK