W. ROBERT BLUM, Respondent, *v.* DANIEL G. ARNSTEIN, Appellant.

DANIEL G. ARNSTEIN, Appellant-Respondent, *v.* GLENS FALLS INSURANCE COMPANY, Respondent, and HARTFORD FIRE INSURANCE Co., Respondent-Appellant.

First Department, October 26, 1954.

*Simon J. Hauser* of counsel (*H. H. Nordlinger* and *Jacob I. Charney* with him on the brief; *Nordlinger, Riegelman, Benetar & Charney,* attorneys), for appellant-respondent.

*Benjamin M. Haber* of counsel (*Henry H. Abrams* with him on the brief; *Macpeak, Abrams & Bleich,* attorneys), for W. Robert Blum, respondent.

*David L. Maloof* of counsel (*Hill, Rivkins, Middleton, Louis & Warburton,* attorneys), for Glens Falls Insurance Company, respondent.

*Herman B. Zipser* for respondent-appellant.

*Per Curiam.* Special Term has ordered that two cases be tried together without consolidation, but on condition that all parties are ready for trial when the action of *Blum* v. *Arnstein* is reached. We fail to see the propriety of the latter condition, if consolidation or joinder was warranted on the facts. But beyond this, recognizing the desirability of consolidation when practical, we think that the divergence of issues in the present cases makes a joint trial improper.

Plaintiff Blum subleased to defendant Arnstein a furnished apartment in New York City for the years 1947 to 1952. The subtenant was liable for the return of the property, subject only to the usual wear and tear, and the Blum action herein is for breach of this covenant. Arnstein, the subtenant, in turn sued two insurance companies under two floater policies, each covering part of the years from 1947 to 1952. Arnstein claimed the right to recover for injury to personal property so insured. The policies were not policies of indemnity, i.e., they did not protect Arnstein as to liability to Blum, but their coverage was against all risk of loss or damage to personal effects in the leased premises, with various exceptions and exclusions set forth in the policies. Under the circumstances, there is, of course, no duty on the part of the insurance companies to defend Arnstein with respect to Blum's suit.

While both the action under the lease brought by Blum and the action under the policies brought by Arnstein against the insurance companies involve the question of what injury certain

personal property in the leased premises had suffered, and both the lease and policies contain an exception as to usual '' wear and tear '', the actions have no other similarity as to issues. The insurance policies excluded liability as to various items of personal property, including furniture and furnishings of various sorts, which were included under the lease. Certain circumstances causing injury were excluded under the policies, which were not excluded under the terms of the lease. There were also many conditions and limitations under the policies, which do not exist with respect to the subtenant's liability, and the defendant insurance companies have sought to take advantage of several of these conditions. In short, the claims involved are quite dissimilar with respect to property covered and as to the basis of liability. To try these cases together would not save time, and might create confusion.

Under the circumstances, we feel that a consolidation or joint trial would sufficiently prejudice the parties to these actions to warrant denial of the motion.

The order appealed from should be reversed, with $20 costs and disbursements, and the motion denied.

COHN, J. P., CALLAHAN, BREITEL, BASTOW and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the defendant cross appellant Hartford Fire Insurance Co. as against the plaintiff-appellant Daniel G. Arnstein, and the motion for a consolidation or joint trial of the actions is denied.