(September 23, 1957)

■ PATRICIA ROBINSON, Respondent, v. TERMINAL FREIGHT TRANSPORT, INC., et al., Appellants. (Action No. 1.) ROBERT E. LUND, Respondent, v. TERMINAL FREIGHT TRANSPORT, INC., et al., Appellants. (Action No. 2.) PATRICIA R. WHITTAKER, Respondent, v. ROBERT E. LUND, Respondent. (Action No. 3.)— Appeal from an order of the Supreme Court, Special Term, entered in Schoharie County, which denied a motion for consolidation of three negligence actions. The accident which gave rise to the actions occurred on May 13, 1953. Actions Nos. 1 and 2 were previously consolidated and tried and the resulting judgments reversed on appeal and a new trial ordered (Robinson v. Terminal Frgt. Transp., 2 A D 2d 510). Action No. 3 was commenced on June 7, 1956 and when the motion was heard was not, and is not now, at issue. In these circumstances, and noting that the only Trial Terms in Schoharie County are in April and October, the Special Term considered that consolidation might cause untoward delay prejudicial to the rights of the plaintiffs in the actions about to be reached for trial. (See Civ. Prac. Act, § 96.) We find no improper exercise of the Special Term's discretion. Order affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ KIAMESHA DEVELOPMENT CORPORATION, Respondent, et al., Plaintiff, v. GUILD PROPERTIES, INC., Appellant, et al., Defendants.— (1) Motion by respondent for reargument denied, without costs. (2) Motion by respondent to amend the decision of July 24, 1957, denied, without costs. (3) The argument of said motions brought into somewhat sharper focus the question as to the intent and effect of the stipulation whereby the issues of the second cause of action were tried but proof as to enhancement of value deferred. Appellant contends that the decision of the first cause of action favorably to respondent foreclosed decision of the second and, therefore, that the findings upon the latter cause of action, upon which no judgment was entered, were not properly before us. It seems best that the question as to the effect of the stipulation be passed on in the trial court, where it was made. Accordingly, upon this court's motion, the decision herein is amended by striking out the direction that the case be remitted to the Trial Term to take proof of enhancement of value and render judgment accordingly, with costs to respondent to abide the event, and be further amended to provide that the first and second causes of action be severed and that, as to the second cause of action, the case be remitted to the Trial Term for disposition, without costs. We neither approve nor disapprove the findings of fact made with respect to the second cause of action nor do we indicate any opinion as to the proper disposition of such applications as may be made to the court below. (4) Order settled. (5) Motion by respondent for a stay granted to the extent that appellant be stayed from taking any proceedings under any order or judgment entered upon the decision of July 24, 1957, as hereby amended, or to enforce any rights under its tax deed, for a period of 60 days after service upon respondent's attorneys of a copy of such order or judgment with notice of entry and, in the event respondent shall appeal therefrom to the Court of Appeals and thereupon shall promptly apply to said court for a stay of proceedings, the stay hereby granted shall continue pending the determination of such application. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See ante, p. 334.]