■ DOROTHEA F. O'HARA et al., Respondents, v. TIDEWATER OIL Co. et al., Appellants.— In a negligence action to recover damages for personal injury, the defendants appeal from an order of the Supreme Court, Kings

County, entered February 2, 1965, which denied their motion to amend their answer so as to include a counterclaim for contribution against the plaintiff James F. O'Hara as an alleged joint tort-feasor, based on the New Jersey Joint Tortfeasors Contributions Law (N. J. S. A., 2A:53A-1 to 53A-5 [L. 1952, ch. 355]). Order affirmed on the facts and in the exercise of discretion, with $10 costs and disbursements. Defendants did not make their motion until almost a year after the joinder of issue, and only after plaintiffs had made a motion for a trial preference. The preference was granted during the pendency of defendants' motion. Interposition of the counterclaim could result in delay of the trial because the counterclaim in the case might make it necessary or advisable for other pretrial procedures to be instituted, viz.: a motion to dismiss the counterclaim (cf. *Kilberg* v. *Northeast Airlines*, 9 N Y 2d 34; *Babcock* v. *Jackson*, 12 N Y 2d 473), or a motion for a bill of particulars as to the counterclaim, or a motion for pretrial disclosure and examination, and the subsequent appeals from the determinations on such motions. In addition, the moving papers fail to include a competent affidavit of merits showing that James F. O'Hara was indeed a joint tort-feasor. Under all the circumstances, the determination of Special Term was within the proper limits of a sound judicial discretion. Hence, in the exercise of such discretion we affirm the order of the Special Term. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.