■ ROSA RAGINS, as Administratrix of the Estate of SELVER RAGINS, JR., Deceased, Respondent, v. CHARLES ARENTSON, Appellant.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant appeals from an order of the Supreme Court, Richmond County, dated December 18, 1972, which granted plaintiff's motion to set aside a jury verdict in favor of defendant and ordered a new trial. Order reversed, without costs, plaintiff's motion denied and verdict reinstated. Plaintiff's intestate (a three-year-old child) died after being struck by an automobile owned and operated by defendant. The only question presented on this appeal is whether the jury verdict was properly set aside by the trial court. The evidence was conflicting as to whether defendant saw the child prior to the impact. This issue was properly left for the jury (*Triggs* v. *Advance Trucking Corp.*, 23 A D 2d 777, 778; *Flynn* v. *Superina*, 22 A D 2d 943, affd. 16 N Y 2d 1033). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ JOSEPHINE RODRIGUEZ et al., Respondents, v. ST. FRANCIS HOSPITAL et al., Respondents, and WILLIAM J. NOBLE, Defendant and Third-Party Plaintiff-Appellant; HERBERT GIANFRANCESCO, Third-Party Defendant-Respondent. — In consolidated actions to recover damages *inter alia* for medical malpractice, the defendant and third-party plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated June 26, 1973, as granted the branch of the third-party defendant's motion which was for severance of the third-party action from the main action and (2) from an order of the same court, dated September 26, 1973, which not only denied appellant's motion for reargument but "sustained" the severance. Order dated June 26, 1973 reversed insofar as appealed from and order dated September 26, 1973 reversed, with one bill of $20 costs and disbursements to third-party plaintiff against third-party defendant, and third-party defendant's motion denied in all respects. We further direct that the third-party's bill of particulars must be served within 20 days, and the examinations before trial by the third-party defendant must be completed within 60 days, after entry of the order to be made hereon. In our opinion it was an improvident exercise of discretion to grant the severance. Plaintiffs have made no claim that they will be prejudiced by any delay in the trial of the action, which was commenced as against appellant in 1968. The third-party defendant, however, must be given ample time to prepare for trial. Appellant has not yet served a duly demanded bill of particulars. This he must do. Thereafter, the third-party defendant must be given a reasonable time within which to finish his examinations before trial. Absent prejudice to plaintiffs in the main action, the third-party action should not have been severed, especially where the possibility of inconsistent results in different trials presents itself (*Kunstadt* v. *Tietelbaum*, 36 A D 2d 744). Hopkins, Acting P. J., Christ, Brennan and Benjamin, JJ., concur.