■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE SANTIAGO, Appellant.— Judgment, Supreme Court, New York County, rendered on October 3, 1972, convicting the defendant after trial of the crime of possession of a weapon and sentencing him to an indeterminate term of imprisonment of from two and one third to seven years, unanimously affirmed. We note that during the course of his summation the Assistant District Attorney, in characterizing the defendant, made several remarks which were obviously improper. However, since these remarks were not prejudicial, we find no reversible error and, since the evidence of guilt was clear and the rights of the defendant were not violated, the affirmance is warranted (cf. *People* v. *Brosnan*, 32 N Y 2d 254, 262). Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Lane, JJ.

■ DANIEL J. D'APICE, Respondent, v. TISHMAN 919 CORP., INC., Respondent. TISHMAN 919 CORP., Third-Party Plaintiff-Respondent, v. OTIS ELEVATOR COMPANY, Third-Party Defendant, and EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED, Third-Party Defendant-Appellant.— Order, Supreme Court, Bronx County, entered on or about November 16, 1972, which denied a motion for severance of the third-party complaint as against the defendant Employers Liability Assurance Corp., unanimously reversed, on the law and the facts and in the exercise of discretion, the motion granted and the third-party complaint severed as against defendant the Employers Liability Assurance Corporation, Limited. Appellant shall recover of third-party plaintiff-respondent $40 costs and disbursements of this appeal. The main action is one sounding in negligence and the third-party action against Otis Elevator Co. involves an issue of indemnity. The third-party action against Employers involves a dispute over insurance coverage. To allow this last issue to be tried before the same jury charged with the duty of determining issues of negligence and relative liability of the defendants would be error. The specific knowledge of the dispute over insurance coverage would of necessity temper the thinking of the jury and unduly influence their verdict. The prejudice inherent in a situation of this sort should be avoided. (*Kelly* v. *Yannotti*, 4 N Y 2d 603; *Strauss* v. *Bennett Bros. Corp.*, 27 A D 2d 528; *Schwartz* v. *Jonathan Woodner & Co.*, 40 A D 2d 1027). It was therefore an improvident exercise of discretion to deny severance. Concur — Nunez, J. P., Kupferman, Murphy, Tilzer and Lane, JJ.