■ In the Matter OF DORA KOPANSKY, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., Appellants.—Judgment, Supreme Court, New York County, entered May 17, 1976, unanimously affirmed, without costs and without disbursements. We agree entirely with the reasons stated by Justice Gellinoff at Special Term, for the conclusion, in effect, that appellant retirement system is estopped from denying the validity of its correction of prior administrative error by belated acceptance of appellant's election of pension plan. We observe in addition that all that was involved here was an appropriate recognition that petitioner respondent had indeed elected her retirement plan within the prescribed time by mailing it timely. Concur—Stevens, P. J., Kupferman, Birns, Silverman and Markewich, JJ.

■ SIDERIUS INC., Plaintiff, v THYSSEN STEEL/LOS ANGELES, DIVISION OF THYSSEN, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. KELLY PIPE COMPANY, Third-Party Defendant-Appellant.—Order of the Supreme Court, New York County, entered September 9, 1976, denying third-party defendant's-appellant's motion to dismiss the third-party complaint for failure to state a cause of action, unanimously modified, on the law and in the exercise of discretion, without costs and without disbursements, so as to provide for severance of the second cause of action in said third-party complaint, and for the immediate trial of the second cause of action before the same Trial Judge, after a trial of the issues presented by the complaint, answer, and the first cause of action of the third-party complaint and otherwise affirmed. The second cause of action set forth in defendants' third-party complaint against third-party defendant does not contain issues common to all parties and certainly is not a cause of action with which "a defendant may proceed against a person not a party who is or may be liable to him for all or part of the plaintiff's claim against him" (CPLR 1007). The second cause of action bears no relation to any alleged liability from defendants-respondents to plaintiff. Although a complaint or answer may join as many claims as a party may have (CPLR 601), this provision if applied to the case before us would conflict with the restrictions implicit in CPLR 1007. Hence to inject into the action causes unrelated to plaintiff's complaint would appear to work an undue prejudice upon plaintiff. Accordingly, we do not dismiss the second cause of action as contained in the third-party complaint but would sever it to be tried by the same Trial Judge following the trial of those issues common to all parties. Concur—Stevens, P. J., Kupferman, Birns, Silverman and Markewich, JJ.