RICHARD PIERCE, Appellant, v INTERNATIONAL HARVESTER COMPANY, Defendant-Respondent and Third-Party Plaintiff-Respondent. PRICE LEASING CORP. et al., Third-Party Defendants-Appellants.

Fourth Department, December 15, 1978

## APPEARANCES OF COUNSEL

*Kernan & Kernan, P. C. (Earle C. Bastow* of counsel), for appellant.

*Carl J. Cochi (John Setright* of counsel), for Price Leasing Corp., third-party defendant-appellant.

*Oot, Setright & Ciabotti (John Setright* of counsel), for George W. Brown, Inc., third-party defendant-appellant.

*MacKenzie, Smith, Lewis, Michell & Hughes (John F. Lawton* of counsel), for respondent.

## OPINION OF THE COURT

WITMER, J.

The issue on this appeal is whether Special Term abused its discretion in ordering that the two cases involved herein be tried together. We conclude that it did.

The issue grows out of our decision in a prior appeal in case No. 1, that is, *Pierce v International Harvester Co.* (61 AD2d 255); and the facts and applicable law in that case are basic to our consideration of this appeal. In 1973 plaintiff bought from defendant International Harvester Company a used tractor for use in hauling trailers in the transportation business. Defendant certified to plaintiff that the tractor was in condition to render satisfactory service on the public highways. Within five or six weeks thereafter, allegedly because of defective brakes, plaintiff suffered a one vehicle accident on a hill while operating the tractor with a trailer attached, and he was seriously injured. His lawsuit to recover damages from the defendant by reason thereof resulted in dismissal of the complaint on a verdict of no cause for action. On appeal, we reversed because of an error by the trial court in refusing plaintiff's request to charge that if the jury should find that defendant violated section 417 of the Vehicle and Traffic Law and that the violation was a proximate cause of the accident, they should find for plaintiff regardless of whether he was guilty of contributory negligence. We granted a new trial limited to the

issues of causation of the accident by the alleged defective brakes, and damages.

After our decision in that appeal was handed down in February, 1978, plaintiff moved promptly to bring the case on for retrial at the May term, but defendant sought to delay the trial until the fall of 1978. Defendant then on April 22, 1978, instituted action No. 2, a third-party action against third-party defendants, Price Leasing Corp. and George W. Brown, Inc. Defendant alleged therein that through Price Leasing Corp. as agent, plaintiff leased his tractor to George W. Brown, Inc. for use in interstate traffic, and that pursuant to interstate commerce regulations such third-party defendants were obligated to, and did, inspect plaintiff's tractor. Defendant further alleged that if the brakes on the tractor were defective and caused the accident in which plaintiff was injured, the third-party defendants were also at fault and, under the principle enunciated in *Dole v Dow Chem Co.* (30 NY2d 143), are liable to contribute to the payment of any damages to plaintiff for which defendant may be held responsible.

When action No. 1 was reached for trial at the opening of the May, 1978 term, over plaintiff's protest defendant asked that the trial be postponed until the fall of 1978 so that it could have pretrial proceedings in action No. 2 and try the two cases together. The court granted defendant's application for adjournment. Plaintiff then moved at Special Term for an order directing separate trial of action No. 1, and third-party defendant George W. Brown, Inc. joined in the motion. At that time third-party defendant Price Leasing Corp. had not interposed its answer to defendant's third-party complaint, and an issue of insurance coverage existed; and, of course, pretrial proceedings remained to be conducted in action No. 2. Plaintiff pointed out to Special Term that under our decision in the prior appeal the issues to be tried in action No. 1 are limited and that plaintiff should not be subjected to the delay inherent in a joint trial with action No. 2, with the added expense to plaintiff that such joint trial would entail. Plaintiff also argued that joint trial would result in confusion of the jury. Nevertheless, Special Term denied the motions for separate trial and by implication ordered joint trial of the two cases.

■ It is a general principle that cases which involve some identical parties and issues may be tried together in the sound discretion of the court (CPLR 602, subd [a]; 603; Siegel, NY

Prac, §§ 128-129). The exercise of that discretion in favor of a joint trial will only be disturbed when an appellate court finds that it may result in substantial prejudice to one or more of the parties.

▮▮▮ Where the insurer of a party in one action is made a direct party in a second action, the courts generally require that they be tried separately (*Kelly v Yannotti,* 4 NY2d 603; *Krieger v Insurance Co. of North Amer.,* 66 AD2d 1025; *Siderius, Inc. v Thyssen Steel, L. A., Div. of Thyssen, Inc.,* 56 AD2d 555; *D'Apice v Tishman 919 Corp.,* 43 AD2d 925; *Lenzner Corp. v Aetna Cas. & Sur. Co.,* 20 AD2d 305, 307–308). Where joint trial by reason of tardy institution of a second action will result in undue delay and expense in the determination of the first action, the court may deny joint trial (*Cipollina v Kent,* 52 AD2d 632; *Todd v Gull Contr. Co.,* 22 AD2d 904; *Robinson v Terminal Frgt. Transp.,* 4 AD2d 845); and where the issues presented in the two actions could be confusing to the court and jury a motion for joint trial will be denied (*Hoff v State Farm Ins. Co.,* 48 AD2d 1001; *Blum v Arnstein,* 284 App Div 682; *Sporn v Hudson Tr. Lines,* 265 App Div 360; Siegel, NY Prac, § 128; 3 Carmody-Wait 2d, NY Prac, § 17:7).

▮▮ There are substantial reasons for denying joint trial of these cases. The accident occurred in 1973 and action No. 1 was tried in 1976, following which a new trial was granted to the plaintiff by order of this court upon our decision of February, 1978. Although long prior to the first trial of action No. 1 defendant knew of the involvement of Price Leasing Corp. and George W. Brown, Inc. with plaintiff in the use of plaintiff's tractor, for reasons of its own it did not join them as third-party defendants in that action. Joinder therein could have suggested to the jury that defendant was not sure of its defense and wanted help in paying the judgment if plaintiff should succeed. After our reversal of the judgment dismissing the complaint and the grant of a new trial limited to the issues of causation of the accident by the alleged defective brakes and resulting damages, defendant's position changed and belatedly it instituted action No. 2 against these third-party defendants. Defendant openly asserted on the motion at Special Term that its purpose in bringing in the third-party defendants was to help it prove that the cause of plaintiff's accident was his own contributory negligence.

It appears that had plaintiff sued third-party defendants

directly in his action (i.e., No. 1), the latter could have raised the defense of his contributory negligence, because as to them plaintiff would be relying on a violation of a regulation and not a statute, the violation of the latter being why we held that defendant cannot raise the issue of plaintiff's contributory negligence *(Pierce v International Harvester Co.,* 61 AD2d 255, *supra).* Third-party defendants are in error, however, in arguing that in defendant's third-party action against them (No. 2) they can litigate the issue of plaintiff's contributory negligence. The issue in action No. 2 will be only whether third-party defendants were also negligent in their inspection of the brakes of the truck, in respect of which defendant third-party plaintiff is or may be held liable in damages to plaintiff, and if so what proportionate part of plaintiff's recovery against defendant the third-party defendants should pay (see *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N. Y.,* 45 NY2d 551; *Dole v Dow Chem. Co.,* 30 NY2d 143, 152-153, *supra).*

In *Graphic Arts Mut. Ins. Co. (supra,* pp 555-556), Chief Judge BREITEL wrote: "An employer's * * * liability to a third-party tort-feasor * * * does not necessarily arise out of employment by the insured. Even though the injured party be an employee, the employer's obligation to contribute a coemployee's apportioned share of liability for negligence to a third-party nonemployee joint tort-feasor arises, instead, out of the third party's independent right to seek comparative or equitable apportionment under the *Dole-Dow* doctrine."

Continuing, Chief Judge BREITEL wrote *(supra,* p 557): "The right under the *Dole-Dow* doctrine to seek equitable apportionment based on relative culpability is not one intended for the benefit of the injured claimant. It is a right affecting the distributive responsibilities of tort-feasors *inter sese* * * * It is elementary that injured claimants may still choose which joint tort-feasor to include as defendants in an action and, regardless of the concurrent negligence of others, recover the whole of their damages from any of the particular tort-feasors sued * * * Thus, to urge on behalf of Graphic that the third-party claim against Chimes assumes legally the color of the claim of Wacht does not withstand analysis."

The issues in action No. 1 will be whether defendant's violation of the statute was a proximate cause of plaintiff's accident and injury and, if so, the amount of damages to be awarded. The issues in action No. 2 will be whether third-

party defendants were negligent in any manner contributing to plaintiff's accident for which plaintiff seeks to hold defendant liable (or for which he has held defendant liable) and, if so, what proportion of defendant's liability should be borne by third-party defendants.

It is clear from the record that upon the retrial defendant will endeavor to show not only that the truck's brakes were not faulty but that, even if they were, they were not a contributing cause of the accident. To support that contention they will seek to show that the manner in which plaintiff drove the truck caused the accident and that the accident was not the fault of the brakes. Presumably, third-party defendants will support that position; and so, contrary to their contention on this appeal, there will be no conflict between defendant and third-party defendants with respect to plaintiff's conduct.

Nevertheless, in this case we conclude that Special Term erred in directing joint trial of these cases. Motions for joint trial lie within the sound discretion of the court, and in reviewing such discretion we consider the facts as they existed at the time of the argument and decision at Special Term, particularly for guidance in future cases. The joinder in these cases promised to delay and has resulted in extensive delay in the retrial of action No. 1, which arose in 1973. The action was ready for retrial in May, 1978, whereas action No. 2 had just been instituted in the previous month, issue had not been joined in it, and pretrial proceedings were yet to be had. Delay to accommodate action No. 2 and the additional time that joint trial would require was sure to entail additional expense to plaintiff and was not justified under the circumstances. Moreover, this is not a case where joint trial would surely save the time of lawyers and the court. If action No. 1 is tried alone and defendant wins again, there will be no need for pretrial proceedings in action No. 2 and no need to try that action. In addition, even if action No. 2 is now ready for trial, there is no need in this case to confuse the trial court and jury with the issues of joint trial. If plaintiff succeeds in action No. 1, the trial of action No. 2 can proceed much easier—the court will not need to charge conditionally with respect to defendant's liability to the plaintiff, but can set forth the issues therein simply and directly.

The cumulative weight of the above reasons leads us to conclude that Special Term erred in requiring a joint trial of

these cases. The order should, therefore, be reversed and the motions for separate trials of these cases should be granted.

HANCOCK, JR., J. (dissenting). Whether or not a severance is to be granted here is a question that should be decided by Special Term in its discretion in the light of all the circumstances including those pertaining to the state of the trial calendar (see CPLR 1010). The factors of delay and additional expense, in my opinion, have not been shown to be sufficiently prejudicial to warrant disturbing the exercise of that discretion (see *Rodriguez v St. Francis Hosp.*, 43 AD2d 965). Nor is it a reason for severance that the claimed culpability of International Harvester arises out of statutory absolute liability and that of Pierce arises out of common-law negligence and violations of a statute and regulations. In third-party actions based on *Dole v Dow Chem. Co.* (30 NY2d 143) the jury is often required to assess the relative liability of the defendant and the third-party defendant based on different legal theories of duty and fault (Siegel, NY Prac, § 157; see *Holloway v Brooklyn Union Gas Co.*, 50 AD2d 603; *Norman Co. v County of Nassau*, 63 Misc 2d 965, revd on other grounds 27 AD2d 936). Furthermore, a joint trial here would prevent the possibility of inconsistent results on the question of causation (see *Rodriguez v St. Francis Hosp., supra; Kunstadt v Tietelbaum*, 36 AD2d 744).

The order should be affirmed.

CARDAMONE, J. P., DILLON and SCHNEPP, JJ., concur with WITMER, J.; HANCOCK, JR., J., dissents in an opinion and votes to affirm the order.

Order reversed, with costs, and motions granted.