■ Michael R. Dougherty, Respondent, v Wade Lupe Construction Company, Inc., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered June 13, 1983 in Schenectady County, which denied defendants' motion for permission to amend their answers. Plaintiff was injured in a one-car accident on August 24, 1980. He alleged in the complaint, dated December 2, 1980, that he was a passenger in the car in question, which was owned by defendant Wade Lupe Construction Company, Inc. (Lupe) and driven by defendant Steven Owen with Lupe's permission. In

their answers, both defendants admitted these allegations. In March, 1981, defendant Owen was indicated on charges of manslaughter in the second degree, criminally negligent homicide and assault in the second degree. He was tried in October, 1981. At an examination before trial in the instant action and based upon the advice of his personal attorney, defendant invoked his privilege against self incrimination and refused to state whether he was driving the vehicle involved in the accident. A mistrial resulted and he has yet to be retried. In April, 1981, defendants first moved to amend their answers by inserting denials of the allegations that Owen was driving the car and was doing so with the consent of Lupe. Defendants withdrew this motion in August, 1981. Plaintiff filed a note of issue and statement of readiness in January of 1982. By May of 1983, the case was near the top of the Supreme Court's Trial Calendar. However, before the case could be tried, defendants again moved to amend their answers to deny that Owen was driving and was doing so with Lupe's permission. That motion was denied and this appeal ensued. We find that Special Term did not abuse its discretion in denying this motion. Judicial discretion in granting motions to amend pleadings (CPLR 3025, subd [b]), which are usually freely granted, should be exercised with caution where a case has been certified as ready for trial (*City of Watertown v Roy*, 73 AD2d 832, 833). This is especially true when the facts on which the motion is based were much earlier known to the movant and there has been inordinate delay in making the application (*Foster Co. v Terry Constr.*, 25 AD2d 721). In the instant matter, defendant Owen surely knew when issue was joined who was driving the car at the time of the accident. Yet defendants have submitted no valid excuse as to why they initially admitted this fact in their answers or why this motion to amend the answer has been so long delayed. Even if his failure to deny being the driver under oath could be excused because of the pendency of the criminal charges against him, the letter of the accident reconstruction expert, submitted in support of this motion, which hypothesizes that Owen was not driving, is dated June 30, 1981. Clearly, the information contained therein is not of so recent an origin as to justify the lateness of this motion. Significant prejudice to the opposing party coupled with lateness constitutes a further barrier to the grant of such a motion (Siegel, NY Prac, § 237, p 289; see *O'Hara v Tidewater Oil Co.*, 23 AD2d 870). Plaintiff here would be seriously prejudiced were the amendment allowed to be made now since he has incurred the wasted time and effort of preparing his case against a pleading from which significant material has been needlessly withheld (see *James-Smith v Rottenberg*, 32 AD2d 792). It should be noted, parenthetically, that as of this writing, the Statute of Limitations has run on plaintiff's cause of action (CPLR 214, subd 5), thereby preventing him from bringing suit against the estate of the other occupant of the vehicle. We conclude that the motion was properly denied. Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.