■ DONALD REDANZ, Respondent, v RAYMOND C. KUNTZ, Defendant. (Action No. 1.) ALLCITY INSURANCE COMPANY, Appellant, v RAYMOND C. KUNTZ et al., Respondents. (Action No. 2.) — Order unanimously reversed, without costs, and motion denied. Memorandum: Special Term erred in ordering consolidation of an action for personal injury and property damage with an action for a declaratory judgment to determine whether an insurance company has a duty to defend the defendant in the first action. The prejudice inherent in a situation of this sort should be avoided (see *Kelly v Yannotti*, 4 NY2d 603, 607-608; *Krieger v Insurance Co.,* 66 AD2d 1025, 1026; *Pierce v International Harvester Co.,* 65 AD2d 254, 258; *McDavid v Gunnigle,* 50 AD2d 737, 738; *D'Apice v Tishman 919 Corp.,* 43 AD2d 925). Defendant's request for a stay of the personal injury action until the declaratory judgment action is decided should be addressed to the Calendar Judge. (Appeal from order of Supreme Court, Monroe County, Erwin, J. — consolidate actions.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.

■ In the Matter of the Estate of EFFA M. IKE, Deceased. — Decree unanimously affirmed, with costs, for the reasons stated in the decision at Seneca County Surrogate's Court, DePasquale, S. (Appeal from decree of Seneca County Surrogate's Court, DePasquale, S. — SCPA 2216.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.

■ RAYMOND J. BARNARD et al., Appellants, v TOPS FRIENDLY MARKETS et al., Respondents. (Appeal No. 2.) — Order unanimously affirmed, without costs. Memorandum: CPLR 3216 (subd [a]) authorizes a court to dismiss a complaint when it finds that a party has unreasonably neglected to prosecute his claim. It was incumbent upon plaintiff to offer a justifiable excuse for the almost 21-month delay between service of the demand to file a note of issue and the motion to dismiss the action. Plaintiff's offered excuse that there was an appeal pending in a companion cause of action is unavailing. While the pendency of an appeal in some instances will excuse the delay in going forward (see *Chuttick v Collins,* 24 AD2d 540), the appeal upon which plaintiff relies was not perfected until 20 days after service of the notice of motion to dismiss for failure to prosecute. Special Term did not abuse its discretion in finding that this delay was unreasonable. (Appeal from order of Supreme Court, Monroe County, Tillman, J. — discovery.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.