■ MARGARET A. McQUOWN, Respondent, v DANIEL JOHNSON, Defendant; AL KRUKOWSKI et al., Appellants, and ERICA STEINBERGER, Respondent. ROBERT GROH et al., Third-Party Plaintiffs-Appellants, v ERICA STEINBERGER, Third-Party Defendant-Respondent. — Order of Supreme Court, New York County (Irving Kirschenbaum, J.), entered on January 24, 1983, which dismissed the third-party complaint of Robert Groh and John McGuire against Erica Steinberger, without prejudice to the right of Robert Groh and John McGuire to commence a plenary action against Erica Steinberger should they be found liable to Margaret McQuown; struck the cross claim of Al Krukowski against Erica Steinberger without prejudice to the right of Al Krukowski to commence a plenary action against Erica Steinberger in the event he is found liable to Margaret McQuown and denied the cross motion of Al Krukowski to equitably estop Erica Steinberger from asserting that she is not a party to the main action by Margaret A. McQuown is unanimously reversed, on the law, the motions to dismiss the third-party complaint of Robert Groh and John McGuire and the cross claim of Al Krukowski against Erica Steinberger are denied, the cross claim and third-party complaint reinstated and the motion to estop Erica Steinberger from asserting that she is not a party to the main action is granted, with one bill of costs to appellants. ¶ Appeal from decision and order (one paper, denominated as one for reargument) of Supreme Court, New York County (Irving Kirschenbaum, J.), dated March 28, 1983, dismissed as not appealable, without costs. ¶ Special Term's grant of Steinberger's motion to dismiss the third-party complaint of Groh and McGuire and its dismissal of Krukowski's cross claim and denial of his motion to estop Steinberger from asserting that she is not a party to the action because of Krukowski's laches and because the main action by McQuown would be delayed and Steinberger would be prejudiced since she had not fully participated in pretrial disclosure was error. ¶ The court overlooked the fact that Steinberger had had a full opportunity to participate in discovery, and had in fact, participated therein. Indeed Steinberger's attorney had attended all the depositions except that of the plaintiff McQuown and at the deposition of the defendant Daniel Johnson "chose" not to ask any questions and declined an invitation to do so. Krukowski had been served with process, and thus was a "party" to the action at the time the stipulation of discontinuance was executed between McQuown and Steinberger. He was not a party to the stipulation (CPLR 3217, subd [a], par 2), and therefore was not bound by it. As to Krukowski, therefore, Steinberger remained a "party" to the litigation. His cross claim against her, asserted in his answer, never was discontinued, although Groh and McGuire discontinued their cross claims against Steinberger by separate stipulation, on August 2, 1978. Nor is there the slightest indication that Krukowski ever abandoned his claim. Steinberger's assertion that he did not only is unsupported by the evidence, but is contradicted by her attorney's letter of December 23, 1981, which clearly shows otherwise. Having fully participated in pretrial discovery, or having had the opportunity to do so, Steinberger has not shown any prejudice to her by the reassertion of the third-party claims of Groh and McGuire. Plaintiff McQuown apparently takes no position as to the disposition of this appeal and thus does not make any claim of prejudice resulting from the reassertion of the third-party claims of Groh and McGuire. The third-party action should not have been severed. (See *Rodriguez v St. Francis Hosp.*, 43 AD2d 965.) Concur — Murphy, J. P., Kupferman, Sandler, Ross and Alexander, JJ.