■ GERALD B. SHEPPARD, Respondent, v CHARLES A. SMITH WELL DRILLING AND WATER SYSTEMS, Respondent, and SMEAL MANUFACTURING COMPANY, INC., Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered November 16, 1983 in Sullivan County, which, *inter alia,* granted plaintiff's cross motion to amend the complaint to add a new party defendant. ¶ The sole issue in this case is whether Special Term abused its discretion and erred as a matter of law in first denying the motion by defendant Smeal Manufacturing Company, Inc. (Smeal) to dismiss a second amended complaint which added an additional party defendant, and instead granted plaintiff's cross motion for leave to serve the second amended complaint. We think not, and for the reasons stated, affirm the order of Special Term. The underlying lawsuit is to recover damages for personal injuries sustained when a derrick mounted on a truck and connected to an overhead trolley hoist owned by and located in the garage of defendant Charles A. Smith Well Drilling and Water Systems (Smith) fell, striking plaintiff and rendering him a paraplegic. Smith commenced a third-party action against Smeal, the manufacturer of the equipment, after which plaintiff served an amended complaint adding Smeal as a defendant and incorporating similar causes of action directly against Smeal. The jury verdict of $625,000 against Smith which exonerated Smeal was reversed by this court (*Sheppard v Smith Well Drilling & Water Systems,* 93 AD2d 474), and a new trial was ordered on the issues of both liability and damages. Thereafter and without leave, plaintiff served a second amended complaint naming Morris Pipe and Supply, Inc., the installer of the hoist device, as a new party defendant, prompting a motion by Smeal to dismiss for failure to comply with CPLR 1003 and CPLR 3025 (subd [b]). Plaintiff cross-moved for leave to serve the pleading. ¶ Smeal contends that substantial prejudice will result by increasing the time and expense of pretrial discovery, and, in addition, that it will be severely limited in its ability to obtain future appellate review. Because we find that Smeal has failed to demonstrate prejudice, we disagree. ¶ "A party may amend his pleading * * * at any time by leave of court", and "[l]eave shall be freely given upon such terms as may be just" (CPLR 3025, subd [b]; see *Murray v City of New York,* 43 NY2d 400, 404; *Haven Assoc. v Donro Realty Corp.* 96 AD2d 526). Permission is "almost entirely [in] the court's discretion to be determined on a sui generis basis" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:4, p 476), "the widest possible latitude" being extended to the courts (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14; see, e.g., *Ramundo v Town of Guilderland,* 95 AD2d 891, 892). Lateness alone is no barrier to the amendment; it must be lateness coupled with significant prejudice to the adversary, the very elements of the doctrine of laches (*Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959). Since Special Term adequately provided for compensation to Smeal for any extra expense incurred in additional discovery by requiring plaintiff to pay counsel fees and expenses

up to $1,000, together with $250 costs on this motion against plaintiff, and since there has been no showing of prejudice, we agree that no abuse of discretion has been demonstrated. If prejudice in any future appeal from a second trial should occur, it could not be attributable to the delay itself (see *Perkins v New York State Elec. & Gas Corp.,* 91 AD2d 1121). We find the cases of *Pierce v International Harvester Co.* (65 AD2d 254) and *Dougherty v Lupe Constr. Co.* (98 AD2d 868), relied upon by Smeal, to be clearly distinguishable. ¶ Order affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.