■ SYLVIA EPSTEIN et al., Appellants, v LENOX HILL HOSPITAL, Respondent. — Order of the Supreme Court, New York County (Bernard Burstein, J.), entered on or about January 3, 1984, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3216, is unanimously reversed, on the law and in the exercise of discretion, the motion denied, costs in the amount of $1,000 to be paid personally by attorney Michael M. Platzman to defendant, and without costs or disbursements on the appeal.

This is an action seeking damages for personal injuries sustained by plaintiff Sylvia Epstein as a result of the alleged negligence of defendant hospital. On February 12, 1977 plaintiff was a patient in Lenox Hill Hospital where, within hours after having undergone eye surgery, she was escorted to the lavatory by a nurse. However, the nurse then inexplicably left her unattended. Plaintiff collapsed and fell to the floor, sustaining serious injury. A summons and complaint was served in June of 1978 and issue was joined in August of 1978. Defendant demanded a bill of particulars. When plaintiff's attorney at that time, Michael Platzman, did not respond, defense counsel contacted Mr. Platzman, who apologized for the delay and promised to submit a bill of particulars shortly. He again failed to act, and in March of 1979, defendant's lawyer wrote to Mr. Platzman,

once more requesting compliance with the demand for a bill of particulars. Finally, on November 10, 1979, defendant served a 90-day notice pursuant to CPLR 3216.

The bill of particulars was at last provided in February of 1980 and defendant accepted it. Moreover, in January of that year, defendant noticed plaintiff for an examination before trial, which was repeatedly postponed at plaintiff's behest. In the meantime, plaintiff became dissatisfied with the representation which she was receiving, apparently because of Mr. Platzman's failure to respond to her inquiries regarding the status of the litigation. She ultimately decided to change attorneys, but when Mr. Platzman refused to accept a voluntary substitution, plaintiff was compelled to move in June of 1982 for a court order. Her motion was granted in December of 1982, and the following month Mr. Platzman finally released the case file. On March 3, 1983, defendant moved to dismiss the complaint, pursuant to CPLR 3216, asserting that plaintiff had not complied with the 90-day notice. Special Term, relying in part on *Barasch v Micucci* (49 NY2d 594), granted the motion on the ground that a substitution of attorneys could not compensate for a willful period of neglect due to law office failure.

Responsibility for the delay which took place in the instant situation is clearly attributable to plaintiff's prior counsel, who ignored demands for a bill of particulars, sought repeated adjournments of plaintiff's examination before trial (EBT) by defendant and disregarded his own client's inquiries as to the status of her case. Additional delay was caused by Mr. Platzman's refusal to agree to the substitution of counsel and the six months which it took for the court to rule on plaintiff's motion. There is certainly no indication that the plaintiff herself ever intended to abandon the action; indeed, the contrary is evident. Nor has defendant manifested any great haste to proceed with this litigation since it took no action to seek sanctions when the bill of particulars was not produced in a timely manner. Further, defendant has made no showing that it was at all prejudiced by the lapse in time which occurred here.

CPLR 2005, enacted in 1983 (L 1983, ch 318, § 1), expresses the legislative policy that courts not be precluded as a matter of law from exercising their discretion to excuse delay or default arising out of law office failure. In that connection, a "client should not be deprived of his day in court by his attorney's neglect or inadvertent error, especially where the other party cannot show prejudice." (*Paoli v Sullcraft Mfg. Co.*, 104 AD2d 333, 334; *see also, Neyra y Alba v Pelham Foods*, 46 AD2d 760.)

618

Where, as is clearly the case in the present action, plaintiff has made a sufficient demonstration of merit, there was no intentional abandonment of the action and the defendant has not established any prejudice, Special Term was not warranted in imposing the harsh penalty of dismissal of plaintiff's complaint. Concur — Murphy, P. J., Kupferman, Fein and Milonas, JJ.