■ BEVERLY J. MCCARGAR, as Administratrix of the Estate of DAVID E. MCCARGAR, Deceased, Appellant, v ERNEST R. WELSER, SR., et al., Individually and as Copartners Doing Business as PLEASE CREEK FARMS, Respondents, et al., Defendants. — Order,

insofar as it denied plaintiff's motion to amend the title to name him in his representative capacity, unanimously reversed and motion granted; motion to substitute Beverly J. McCargar granted; order and judgment dismissing complaint unanimously reversed, on the law, without costs, and matter remitted to Supreme Court, Jefferson County, for further proceedings, in accordance with the following memorandum: Law office failure is the only excuse offered by plaintiff for neglecting to serve the complaint for some nine months after demand therefor was made. While the order appealed from was unquestionably correct when made (*Barasch v Micucci*, 49 NY2d 594), the subsequent enactment of CPLR 2005 permits the court to exercise its discretion in the interest of justice to excuse delay resulting from law office failure. Since the court did not have the opportunity to exercise its discretion, we reverse and remit so that it may now do so.

We note, however, that the statutory enactment, which was intended to relieve the oftentimes harsh results which flowed from *Barasch v Micucci* (49 NY2d 594, *supra*), does not give a defaulting party carte blanche to be excused from law office failure, nor does it relieve that party from explaining the reasons for its default. The basic tenet of *Sortino v Fisher* (20 AD2d 25), requiring the defaulting party to give a reasonable excuse for its delay and establishing the merit of its case, is still viable (*Luksic v Killmer,* 100 AD2d 864; *Barnard v Tops Friendly Mkts.,* 99 AD2d 654). (Appeal from order and judgment of Supreme Court, Jefferson County, McLaughlin, J. — dismiss action.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.