■ MARCI POLLACK, Formerly Known as MARCI EMENS, Respondent, v NABILIA ESKANDER et al., Appellants. [594 NYS2d 510] —Order affirmed with costs. Memorandum: Plaintiff, who was a minor at the time of the accident, sustained serious injuries when the automobile in which she was a rear-seat passenger struck the rear end of a stationary vehicle. An

attorney retained by her mother, as parent and natural guardian, caused a summons with notice to be served upon defendants on January 17, 1991. Defendants served a demand for complaint dated January 28, 1991. That attorney did not forward a complaint nor did he respond to plaintiff's "totally fruitless" efforts to learn the status of her case. In May 1992, plaintiff, who had then reached her majority, contacted her present attorney and advised him of her predicament. After diligent efforts, he obtained the file and was informed by his predecessor that he had "mislaid the file". Upon reviewing the file, he discovered that a summons with notice had been served, but the file did not contain a copy of a notice of appearance or demand for complaint. By contacting defendants' insurance carrier, he acquired the name of defendants' attorney. A verified complaint dated June 18, 1992 was prepared and forwarded to defendants' counsel. By letter dated June 24, 1992, the complaint was returned as untimely. A motion was promptly made pursuant to CPLR 2004 for an order extending plaintiff's time to serve the complaint. Defendants opposed the motion and cross-moved to dismiss the complaint pursuant to CPLR 3012 (b). The IAS Court granted plaintiff's motion and denied defendants' cross motion.

The delay in serving a complaint was occasioned by law office failure, whether it be characterized as inadvertent neglect or deliberate neglect. The responsibility for the delay is attributable to plaintiff's prior counsel. There is no indication that plaintiff ever intended to abandon the action. Nor have defendants demonstrated any desire to proceed with this litigation. No motion was made to dismiss the action until plaintiff made application pursuant to CPLR 2004. There is no prejudice to defendants, express or implied. No one should be deprived of her day in court by her attorney's neglect when there is no prejudice (see, Epstein v Lenox Hill Hosp., 108 AD2d 616, 617). CPLR 2005, enacted in 1983 (L 1983, ch 318, § 1) to protect meritorious claims, gives courts the discretion to excuse delay or default arising from law office failure (Epstein v Lenox Hill Hosp., supra).

It is readily apparent from a review of the record that plaintiff has a meritorious claim for the serious and permanent injuries. CPLR 105 provides that "[a] 'verified pleading' may be utilized as an affidavit whenever the latter is required" (CPLR 105 [t]). Any contention that plaintiff's verified complaint "is insufficient because it does not state evidentiary

facts based upon personal knowledge", is belied by the record. The complaint sets forth facts within the personal knowledge of plaintiff in sufficient detail regarding defendants' negligence so as to constitute a sufficient affidavit of merit *(see, Salch v Paratore,* 60 NY2d 851, 853). The same can be said for plaintiff's verified bill of particulars. Those facts are more than mere "conclusory allegations" and are sufficient to defeat defendants' CPLR 3012 (b) motion *(see, Conner v Brasserie, Inc.,* 136 AD2d 481; *Paoli v Sullcraft Mfg. Co.,* 104 AD2d 333, 334).

We conclude, therefore, that the IAS Court properly exercised its discretion *(see,* CPLR 2004) in granting plaintiff's motion to compel defendants to accept plaintiff's complaint and in denying defendants' cross motion to dismiss.

All concur, except Doerr and Boomer, JJ., who dissent and vote to reverse in the following Memorandum.

Doerr and Boomer, JJ. (dissenting). The IAS Court erred in compelling defendants to accept service of plaintiff's complaint. On or about January 17, 1991, plaintiff served on defendants a summons with notice. Pursuant to CPLR 3012 (b), defendants served on plaintiff a demand for a complaint dated January 28, 1991. Despite repeated requests by defendants' counsel to serve a complaint or execute a stipulation of discontinuance, plaintiff's counsel failed to serve a complaint. On June 18, 1992, after plaintiff retained other counsel, counsel served a complaint, which defendants' attorney refused to accept. Plaintiff then moved for an order pursuant to CPLR 2004 extending her time to serve the complaint. Defendants cross-moved pursuant to CPLR 3012 (b) to dismiss. We conclude that plaintiff failed to demonstrate a reasonable excuse for the inordinate delay of 17 months in failing to serve a complaint and that the IAS Court improvidently exercised its discretion by granting plaintiff's motion and denying the cross motion. To defeat defendants' cross motion, plaintiff was required to demonstrate a reasonable excuse for the delay and the existence of a meritorious cause of action *(see, McCargar v Welser,* 109 AD2d 1053, 1054). Plaintiff submitted an affidavit by her current counsel which blamed the extraordinary delay on the mismanagement and deliberate neglect of former counsel. Excuses for avoidable delay are insufficient which merely shift the cause for delay to plaintiff's counsel. Such shifting "does not make the neglect any the less" *(Sortino v Fisher,* 20 AD2d 25, 29). The deliberate neglect of plaintiff's counsel is not "a case of 'law office failure' within the meaning of *Barasch v Micucci* (49 NY2d 594) or the ambit

of chapter 318 of the Laws of 1983" *(Krantz v Mendel & Son,* 60 NY2d 667, 668-669). The failure to provide a reasonable excuse for the inordinate delay requires dismissal of the action *(see, Whitney v Stewart,* 175 AD2d 674; *Iafallo v Dolan,* 162 AD2d 965).

The holding of the majority abolishes the statutory requirement that, in support of a motion to excuse a default in pleading or to compel the acceptance of a pleading untimely served, the movant must show a "reasonable excuse for delay or default" (CPLR 3012 [d]). Following the logic of the majority, henceforth, any excuse, however unreasonable, will be sufficient as long as it is attributed to counsel. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Dismiss Complaint.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.